IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEANIE BISCONTE,

          Plaintiff,

v.                                        No. 1:21-cv-00462

SANDIA NATIONAL LABORATORIES,
JOHN MOUNHO, in his individual and official
capacity, and EDWARD SAUCIER, in his
individual and official capacity,

          Defendants.

## NOTICE OF REMOVAL

Defendants National Technology and Engineering Solutions of Sandia, LLC d/b/a Sandia National Laboratories ("Sandia"),[1] John Mounho, and Edward Saucier file this Notice of Removal removing this action to the United States District Court for the District of New Mexico. As grounds for the removal, Defendants state as follows:

### I.    Procedural Background and Legal Claims

1.    Plaintiff Jeanie Bisconte filed her Complaint for Discrimination and Retaliation ("Complaint") on or about March 15, 2021. Plaintiff's Complaint is pending in the Second Judicial District Court, County of Bernalillo, New Mexico as Case No. D-202-CV-2021-01682.

2.    Plaintiff served the Summons and Complaint on the individual defendants and Sandia's agent for service of process, CSC Matter Management, on April 19, 2021. True and correct copies of all processes, pleadings, and orders served are attached hereto as Exhibit A.

---

[1] The Complaint incorrectly identifies Sandia by its "d/b/a" name, Sandia National Laboratories.

3.     This Notice of Removal is timely filed within 30 days of service of the initial pleading in the case. *See* 28 U.S.C. § 1446(b).

4.     Plaintiff is a former employee of Sandia. She worked as a senior-level Software Systems Engineer until July 2, 2018, when, at her request and upon her medically-confirmed representation that she was completely unable to perform her job duties, she was placed on paid medical leave through March 15, 2019, when her employment ended.

5.     Plaintiff's Complaint asserts state law claims of gender discrimination and retaliation under the New Mexico Human Rights Act, alleged violations of the New Mexico Fair Pay for Women Act, and breach of implied contract. Ex. A (Compl. Counts I, II, and III).

## II.     Removal – Federal Question Jurisdiction (Federal Enclave Doctrine)

6.     Cases that arise from events "occurring within federal enclaves may be removed to federal district court as part of federal question jurisdiction." *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998). This authority derives from the United States Constitution. Article I, § 8, cl. 17 of the United States Constitution gives Congress the power to "exercise exclusive Legislation in all Cases whatsoever, over such District (not exceeding ten Miles square) as may, by Cession of particular States, and the Acceptance of Congress, become the Seat of the Government of the United States, and to exercise like Authority over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings."

7.     This grant of exclusive legislative authority has led courts to conclude that "United States courts must also have subject matter jurisdiction to adjudicate controversies arising on federal enclaves." *Blahnik v. BASF Corp.*, 2006 WL 2850113, 3 (S.D. Tex. 2006) (citing *Mater v. Holley*, 200 F.2d 123, 124–25 (5th Cir. 1953); *Reed v. Fina Oil & Chemical Co.*, 995 F. Supp. 705, 713 (E.D. Tex. 1998); *Akin v. Big Three Industries, Inc.*, 851 F. Supp. 819,

822 (E.D. Tex. 1994). As noted above, the Tenth Circuit has applied this principle of exclusive jurisdiction to complaints alleging state law claims arising on federal enclaves. *Ashland Chemical Co.*, 156 F.3d at 1034; *Celli v. Shoell*, 40 F.3d 324, 328 (10th Cir.1994) (referring to federal enclave jurisdiction as "a form of federal question jurisdiction").

8.      Both the U.S. District Court for the District of New Mexico and the Tenth Circuit Court of Appeals have confirmed that Kirtland Air Force Base is a federal enclave subject to exclusive federal jurisdiction. "Kirtland Air Force Base is a federal enclave" *Allison v. Boeing Laser Tech. Servs.*, 689 F.3d 1234, 1236 (10th Cir. 2012); *Benavidez v. Sandia National Laboratories*, No. 15-00922 JB/LF, Am. Mem. Op. & Order, (D.N.M. June 27, 2016), at 92 (Kirtland Air Force Base is a federal enclave established no later than 1954); *see also Kennicott et. al., v. Sandia Corp.*, 314 F.Supp.3d 1142 (D.N.M. 2018) (dismissing NMHRA and other state law claims based on federal enclave doctrine); *Ochieno v. Sandia National Laboratories*, 18-CV-00197-KG-KRS, Mem. Opinion & Order, filed 01/22/19 [Doc. 19] (dismissing state law claims for breach of implied contract, claims under the NMHRA, and claim for interference with contract based on federal enclave doctrine); *Smelser v. Sandia Corporation*, et.al., 17-CV-00388-SCY-KK, Mem. Opinion & Order, filed 03/30/18 [Doc.30] (dismissing state law claims for violation of the NMHRA, breach of implied contract, and negligence pursuant to federal enclave doctrine).

9.      As the cases from this Court recognize, Sandia operates largely on Kirtland Air Force Base, a federal enclave. In *Kennicott v. Sandia Corp.*, 314 F. Supp. 3d 1142, 1172 n.22 (D.N.M. 2018), noting that Sandia had the "bulk of its offices and employees on a federal enclave," this Court held that a broad federal enclave doctrine should apply to bar state law claims asserted against Sandia on behalf of a putative class of employees and former employees.

- 3 -

10.    The allegations in the Complaint concern Plaintiff's employment at Sandia, which is largely located on Kirtland Air Force Base. As a software systems engineer, Plaintiff worked on Oracle Financial Systems hosted on computer servers located in Sandia Building 880A on Kirtland Air Force Base. Declaration of John Mounho, attached as Exhibit B, ¶ 4.

11.    Sandia's medical clinic, to which Bisconte submitted her request to separate from her Sandia employment through Sickness Absence Exhaustion – implicated in Plaintiff's allegations regarding her "long-term disability separation processes" (Compl. ¶ 38) and "terminat[ion] without cause" (Compl. ¶ 42) – is on Kirtland Air Force Base. Declaration of Rae Lewis, attached as Exhibit C, ¶ 4; *see also* ¶¶ 5-6.

12.    During Plaintiff's entire employment at Sandia, Sandia's Compensation Department, which made decision regarding Plaintiff's compensation – implicated in Plaintiff's allegations of receiving "a lower salary than her male colleagues" (Compl. ¶ 35) and her claims of sex discrimination (Compl. ¶ 47) and alleged violations of the New Mexico Fair Pay for Women Act (Compl. ¶ 55) – was located on Kirtland Air Force Base. Declaration of Gail Vavruska-Marcum, attached as Exhibit D, ¶ 3.

13.    During Plaintiff's entire employment at Sandia, all policy decisions regarding compensation of Sandia employees were made on Kirtland Air Force Base. *Id.* ¶ 4.

14.    Under the United States Constitution and *Ashland Chemical*, the entire lawsuit may be removed to this Court pursuant to the Court's federal question jurisdiction. *Ashland Chemical*, 156 F.3d at 1034.

15.    All Defendants are represented by the undersigned counsel and consent to this removal.

WHEREFORE, Defendants respectfully remove this matter from the Second Judicial District Court to this Court for determination of all issues. Pursuant to 28 U.S.C. § 1446(d),

- 4 -

promptly upon filing this notice, Defendants will give written notice of the filings to Plaintiff and will file a copy of this notice with the Clerk of the Second Judicial District Court, Bernalillo County, New Mexico, from which this action is removed.

Respectfully submitted,

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By_____*/s/ Jeffrey L. Lowry*_____
    Jeffrey L. Lowry
Post Office Box 1888
Albuquerque, New Mexico  87103
Telephone:  (505) 765-5900
Facsimile:  (505) 768-7395
jlowry@rodey.com

- AND -

Justin E. Poore
Sandia National Laboratories
1515 Eubank, SE
Mail Stop 0141
Albuquerque, New Mexico  87123-0141
Telephone:  (505) 284-6336
jepoore@sandia.gov

*Attorneys for Defendants*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 17th day of May, 2021, I filed the foregoing electronically through the CM/ECF system and served the following attorneys by e-mail and United States mail:

Erika E. Anderson
Kaela S. Holmen
Lucy River
Law Offices of Erika E. Anderson
2025 Rio Grande Blvd., NW
Albuquerque, NM  87104
erika@eandersonlaw.com
kaela@eandersonlaw.com
lucy@eandersonlaw.com

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By _____ */s/ Jeffrey L. Lowry* _____
     Jeffrey L. Lowry