IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JEANIE BISCONTE,

    Plaintiff,

v.                                                                                                              Civ. No. 21-462 KWR/KK

SANDIA NATIONAL LABORATORIES
*et al.*,

    Defendants.

## ORDER STAYING DISCOVERY

THIS MATTER is before the Court on Plaintiff's Amended Motion to Stay Proceedings (Doc. 10) ("Motion"), filed June 3, 2021. Defendants filed a response in opposition to the Motion on June 10, 2021, and Plaintiff filed a reply in support of it on June 15, 2021. (Docs. 15, 18.) The Court, having reviewed the parties' submissions, the record, and the relevant law, and being otherwise fully advised, FINDS that the Motion is well-taken in part and should be GRANTED IN PART as set forth herein.

"It is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants." *New Mexico Oncology & Hematology Consultants, Ltd. v. Presbyterian Healthcare Servs.*, No. CV 12-526 MV/GBW, 2013 WL 12304061, at *1 (D.N.M. Jul. 11, 2013) (quoting *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963)). "Whether to issue a stay of discovery depends greatly on the facts and progress of each case. In rendering a decision to stay proceedings, a court must exercise judgment and weigh competing interests." *Mestas v. CHW Grp. Inc.*, No. CV 19-792 MV/CG, 2019 WL 5549913, at *1 (D.N.M. Oct. 28, 2019) (citations, quotation marks, and brackets omitted). To do so, courts have considered a number of factors, including: (1) the

non-moving party's interests in proceeding expeditiously with the litigation and the potential prejudice a delay would cause; (2) the hardship to the moving party if a stay is not granted; (3) the Court's convenience; (4) the interests of persons not parties to the litigation; and, (5) the public interest. *Id.*; *United States v. High Plains Livestock, LLC*, No. CV 15-680 MCA/WPL, 2016 WL 10591976, at *1 (D.N.M. Feb. 16, 2016); *Triple D Supply, LLC v. Pilot Corp.*, No. CV 13-655 GBW/WPL, 2013 WL 9981487, at *2 (D.N.M. Nov. 18, 2013); *New Mexico Oncology & Hematology Consultants, Ltd.*, 2013 WL 12304061 at *1. "Ultimately, the decision to issue a stay of discovery is within the broad discretion of the district court." *Mestas*, 2019 WL 5549913 at *1.

After careful consideration of each of the factors listed above, the Court in its discretion concludes that discovery in this matter should be stayed pending resolution of Defendants' Motion to Dismiss (Doc. 6) ("Motion to Dismiss") and Plaintiff's Motion to Remand Proceedings (Doc. 12) ("Motion to Remand"). In balancing the interests of the parties, the Court, other persons, and the public, the Court has particularly noted the strong likelihood that Plaintiff's claims will be either (a) dismissed pursuant to the Motion to Dismiss because the federal enclave doctrine applies, or (b) remanded to state court pursuant to the Motion to Remand because it does not. (*See generally* Docs. 6, 12.) Regardless of how the Court resolves the federal enclave question, it appears that one of the parties' motions will dispose of the case in this venue. As such, the Court concludes that staying discovery pending resolution of these motions would conserve the resources of the Court, the parties, other persons, and the public.

Defendants suggest that this is not necessarily so, because "[e]ven if all of Plaintiff[']s] state law claims are dismissed on the basis of the federal enclave doctrine, it is likely that Plaintiff will at least attempt to assert one or more federal claims against [Defendant] Sandia [National Laboratories] and possibly the individual defendants." (Doc. 15 at 3.) However, Defendants fail to

state, *inter alia*, what these claims would be, whether Defendants would likely move to dismiss them as well, and if so on what bases. The Court is disinclined to allow discovery to proceed on the mere possibility that Plaintiff might in future amend her complaint to add unspecified viable federal claims.

Defendants also contend that discovery at this juncture would not waste resources because, even if Plaintiff's Motion to Remand is granted, "[d]iscovery . . . on the legal sufficiency of Plaintiff's claims will be as relevant in [state court] as it is in this Court." (*Id.*) In so arguing, however, Defendants ignore that they have moved to dismiss most of Plaintiff's claims not only on the basis of the federal enclave doctrine, but also on other grounds. (*See generally* Doc. 6.) As such, even if the Court were to conclude that the doctrine does not apply and were thus to remand Plaintiff's claims to state court, the bulk of her claims would remain subject to a pending dispositive motion that would greatly reduce the scope of discovery if granted.

Defendants have not identified any discovery they need, wish, or intend to take regarding the parties' pending dispositive motions, nor have they alleged or shown any actual or potential prejudice to them if discovery in this matter is stayed while the motions are resolved. For all of these reasons, the Court will grant Plaintiff's Motion insofar as it seeks a stay of discovery pending resolution of the Motion to Dismiss and Motion to Remand. However, the Court reserves ruling on the remainder of Plaintiff's Motion, which seeks a stay not only of discovery, but also of all other proceedings, including the Motion to Dismiss, pending resolution of the Motion to Remand. (*See generally* Doc. 10.) In this regard, the Court notes that the order in which the parties' pending dispositive motions are decided is reserved to the presiding judge.

IT IS THEREFORE ORDERED that Plaintiff's Amended Motion to Stay Proceedings (Doc. 10) is GRANTED IN PART in that discovery in this matter is STAYED pending resolution

of Defendants' Motion to Dismiss (Doc. 6) and Plaintiff's Motion to Remand Proceedings (Doc. 12), or until further order of this Court.

     IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE