## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JEANIE BISCONTE,

      Plaintiff,

      v.                              Case No. 1:21-cv-00462 KWR/KK

SANDIA NATIONAL LABORATORIES *et al.*,

      Defendants.

## ORDER DENYING MOTION TO REMAND

THIS MATTER comes before the Court upon Plaintiff's Motion to Remand to State Court **(Doc. 12),** and Defendant's Motion to Dismiss **(Doc. 6)**.  Having reviewed the parties' briefs and applicable law, the Court finds that the motion to remand is not well-taken and therefore is **DENIED.**  The Court will convert a portion of the motion to dismiss related to the federal enclave doctrine to a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d) and allow the parties to submit additional evidence.

## BACKGROUND

Plaintiff asserts New Mexico employment law claims against her former employer Defendant Sandia National Laboratories, an entity that operates predominantly on a federal enclave (Kirtland Air Force Base). Plaintiff worked as a Software Systems Engineer.  Plaintiff worked remotely, and worked outside of the federal enclave.  Defendants Mounho and Saucier were her managers.

Plaintiff alleges that she was discriminated against because of her gender, compensated less than her male colleagues, and denied advancement which her male colleagues received.  She

also asserts that she was discriminated or retaliated against for her disability and her protected activities.  In July 2018 she was placed on medical leave for approximately 8 months through March 5, 2019, when her paid leave benefits were exhausted and she was removed from Sandia's payroll.

Plaintiff filed various employment discrimination and retaliation claims through the New Mexico Human Rights commission and the federal Equal Employment Opportunity Commission.

Plaintiff asserts three New Mexico state law claims:

Count I:  Gender Discrimination and Retaliation under the New Mexico Human Rights Act;

Count II: Violation of the New Mexico Fair Pay for Women Act, NMSA § 28-23-1; and

Count III: Breach of Implied Employment Contract.

This case was filed in New Mexico state Court on March 15, 2021, and removed to this Court on May 17, 2021 on the basis of federal question jurisdiction under the federal enclave doctrine.

## DISCUSSION

**I.**   **Motion to Remand**

Plaintiff moves to remand this case, asserting that the Court lacks subject matter jurisdiction over the state law claims in this case.  Defendants assert that the Court has federal question jurisdiction over this case because the federal enclave doctrine applies.  They assert that "cases that arise from events occurring within federal enclaves may be removed to federal district court as part of federal question jurisdiction." *Akin. Ashland chem. Co.,* 156 F.3d 1030, 1034 (10th Cir. 1998).  The Court agrees with Defendants.

A.      **Relevant Removal and Remand Standards.**

Federal courts are courts of limited jurisdiction. There is a presumption against removal jurisdiction, which the defendant seeking removal must overcome.  *See Fajen v. Found. Reserve Ins. Co*., 683 F.2d 331, 333 (10th Cir.1982); *Martin v. Franklin Capital Corp.,* 251 F.3d 1283, 1290 (10th Cir. 2001).   Removal statutes are strictly construed, and ambiguities should be resolved in favor of remand. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted).

Absent diversity of citizenship, a district court has jurisdiction over cases in which "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

"A case arises under federal law if its well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006) (internal quotation marks omitted). Where no federal cause of action is pled, "[t]he presence of a federal issue in a case is not sufficient to confer federal question jurisdiction; rather, the federal issue must be one that is actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 1235–36 (internal quotation marks omitted).

The presumption is against removal jurisdiction. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  "All doubts are to be resolved against removal." *Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982)

**B.      The federal Enclave doctrine applies to this case and the Court has jurisdiction over the state law claims.**

"A federal enclave is created when a state cedes jurisdiction over land within its borders to the federal government and Congress accepts that cession. These enclaves include numerous military bases, federal facilities, and even some national forests and parks." *Allison v. Boeing Laser Tech. Servs.*, 689 F.3d 1234, 1235 (10th Cir. 2012). "Under a body of constitutional law applicable to federal enclaves, U.S. Const. art. I, § 8, cl. 17, state law that is adopted after the creation of the enclave generally does not apply on the enclave." *Id.* Thus, when "the United States acquires with the consent of the state legislature land within the borders of that State ... the jurisdiction of the Federal Government becomes exclusive." *Allison*, 689 F.3d at 1236

Generally, cases arising from federal enclaves may be removed to federal court under federal question jurisdiction. *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998) (noting that cases resulting from events "occurring within federal enclaves may be removed to federal district court as a part of federal question jurisdiction").

Plaintiff does not dispute that Defendant Sandia National Labs is located on Kirtland Air Force Base, a federal enclave. *Allison v. Boeing Laser Tech. Servs.*, 689 F.3d 1234, 1235 (10th Cir. 2012) (Kirtland Air Force Base is a federal enclave established in 1954). The Court previously concluded that the federal enclave doctrine applies to Sandia National Labs, because it is predominantly located on Kirtland Air Force base. *See, e.g., Benavidez v. Sandia Nat'l Lab'ys*, 212 F. Supp. 3d 1039, 1094 (D.N.M. 2016); *Smelser v. Sandia Corp.*, No. CV 17-388 SCY/KK, 2018 WL 1627214, at *7 (D.N.M. Mar. 30, 2018). *Marquez v. Nat'l Tech. & Eng'g Sols. of Sandia, LLC*, No. CV 20-46 KG/SCY, 2020 WL 6484996, at *1 (D.N.M. Nov. 4, 2020) (federal enclave doctrine barred New Mexico implied employment contract claim).

4

Plaintiff asserts that because she was a teleworker who did not work on Kirtland Air Force Base, the place of harm was outside of the boundaries of Kirtland Air Force base. Defendants assert that the federal enclave doctrine applies because the "place of harm" was on the federal enclave, and alternatively, Plaintiff was harmed by policies and decisions that occurred on the Kirtland Air Force Base. The Court agrees that the federal enclave doctrine applies because (1) the place where the wrong occurred was on Kirtland Air Force Base, and alternatively, (2) the employer's decision making and policies occurred on Kirtland Air Force Base.

In deciding whether the federal enclave doctrine applies to claims, courts generally look to (1) the place the harm occurred, or (2) in wrongful termination or compensation employment cases, the place where the adverse employment decisions were made. *Camargo v. Gino Morena Enterprises, L.L.C.,* No. EP-10-CV-242-KC, 2010 WL 3516186, at *2 (W.D. Tex. Sept. 2, 2010) ("for federal enclave jurisdiction to apply, in employment discrimination cases, the adverse employment decision must have been made on federal territory, because the locus of decision-making is where such a tort arises"); *Kennicott v. Sandia Corp.*, 314 F. Supp. 3d 1142, 1172 n.22 (D.N.M. 2018)(reasoning that federal enclave doctrine applies in cases of remote applicants or workers where tortious employment decision were made on federal enclave); *Meadows v. Northrop Grumman Innovation Sys., Inc.*, 436 F. Supp. 3d 879, 888 (W.D. Va. 2020) (for wrongful termination claim, place of harm is where company made termination decision, not the employee's home where employee received termination letter).; *Lawler v. Miratek Corp.*, No. EP-09-CV-252-KC, 2010 WL 743925, at *3 (W.D. Tex. Mar. 2, 2010) ("The cause of action follows the place where the decisions were made, not the place where the employee was or found—even if it was work that sent the employee to that other location.").

These approaches appear to overlap. Courts have held that the federal enclave doctrine applies only when "the locus in which the claim arose is the federal enclave itself." *In re High-Tech Employee Antitrust Litigation*, 856 F. Supp. 2d 1103, 1125 (N.D. Cal. 2012). In making that determination, courts have looked to where the "substance and consummation of the claim occurred" as well as where "all pertinent events occurred." *Smesler v. Sandia Corp.*, No. 17-CV-388 SCY/KK, 2018 WL 1627214, at *8 (D.N.M. Mar. 30, 2018) (unreported) (internal citations and quotations omitted). For cases involving adverse employment decisions, "the locus of decision-making is where such a tort arises." *Camargo*, 2010 WL 3516186, at *2 (citing *Lawler v. Miratek, Corp.*, 2010 WL 743925, at *3–4), *quoted in Kennicott v. Sandia Corp.*, 314 F. Supp. 3d 1142, 1175 (D.N.M. 2018). "[T]he location where management made the illegal decision controls." *Id.*

Initially, Plaintiff notes that the New Mexico Human Rights Commission concluded that the federal enclave doctrine did not bar Plaintiff's state law claims. **Doc. 12 at 3, Ex. B.** Plaintiff has not explained how that order is binding on this Court, and its persuasive value is minimal because the order did not explain its reasoning.

Plaintiff's state employment law claims stem from her employment with Sandia, an entity which has its operations predominantly on Kirtland Air Force Base. Plaintiff worked on computer systems hosted on Kirtland Air Force base. **Doc. 1-2 at 1, Ex. B.**

Plaintiff alleges the following harm. Defendants discriminated against her by failing to promote her, by alleging she had performance-related issues, and by terminating her due to her gender and disability status. She also alleged Defendants retaliated against her after she reported gender discrimination. She asserts that Sandia paid different wage rates to men and women. She

asserts that Defendants breached its policies and procedures to protect employees from retaliation and maintain a workplace free of discrimination.

This Court has previously stated that Sandia has "the bulk of its office and employees on a federal enclave." *Kennicott v. Sandia Corp.*, 314 F. Supp. 3d 1142, 1172 n.22 (D.N.M. 2018). It is undisputed in this case that the managers, executives, human resources and compensation staff made their policies and employment decisions on the Kirtland Air Force base.

All of the relevant adverse employment decisions, actions, or policies, occurred or were formed on Kirtland Air Force Base. For example, Sandia's pay policies that allegedly violate state law were made by Sandia executives or staff on Kirtland Air Force Base. **Doc. 1-2, Ex. D.** The compensation policies were administered by a department located on Kirtland Air Force Base. *Id*. Plaintiff allegedly submitted her request to separate from Sandia employment through Sickness Absence Exhaustion to a medical clinic on the Kirtland Air Force base. *See* **doc. 20 at 2.** Plaintiff resigned or was terminated in a meeting on Kirtland Air Force Base with a member of Sandia's occupational health clinic at the medical clinic. **Doc. 1-2, Ex. C.** Plaintiff has not rebutted this record or argued that any of Defendants' employment law decisions were made outside of the federal enclave. Therefore, the record is clear that the harms in this case occurred on Kirtland Air Force Base.

Plaintiff does not point to any alleged harms which occurred off of Kirtland Air Force Base. Plaintiff argues that because she teleworked from home or worked in an office off base, the place of harm was outside the federal enclave. The Court disagrees, for the reasons explained above. Plaintiff does not cite to any case stating that the cause of action arises from a remote worker's home. Rather, cases hold that the federal enclave doctrine may apply even in cases of remote workers. *See, e.g., Kennicott v. Sandia Corp.,* 314 F. Supp. 3d 1142, 1172 n.22

(D.N.M. 2018) (reasoning that federal enclave doctrine apply in cases of remote applicants or workers where tortious employment decisions were made on federal enclave); *Meadows v. Northrop Grumman Innovation Sys., Inc.*, 436 F. Supp. 3d 879, 888 (W.D. Va. 2020) (for wrongful termination claim, place of harm is where company made termination decision, not the employee's home where employee received termination letter); *Lawler v. Miratek Corp.*, No. EP-09-CV-252-KC, 2010 WL 743925, at *3 (W.D. Tex. Mar. 2, 2010) (unlawful employment practice is committed at place where employer made the decision, not place where employee is located), *citing Ifill v. Potter,* No. 05–CV–2320, 2006 WL 3349549, at *2 (D.D.C. Nov. 17, 2006); *Whipstock v. Raytheon Co.,* No. 2:07–CV–11137, 2007 WL 2318745, at *3 (E.D.Mich. Aug. 10, 2007) (locus of harm for unlawful employment action is place where the employer "made the decision", not the place where the "effects are felt."); *Osburn v. Morrison Knudsen Corp.*, 962 F. Supp. 1206, 1209 (E.D. Mo. 1997) ("Any cause of action arising under the MHRA [state law] occurred as a result of defendant's employment practices on the federal enclave,").

Whether the Court applies the locus of harm analysis or the place of decision-making analysis, the Court concludes that the federal enclave doctrine applies.  Therefore, the Court has federal question jurisdiction over this case pursuant to the federal enclave doctrine.

**II.**    **Pursuant to Fed. R. Civ. P. 12(d), the Court will convert a portion of Defendants' Motion to Dismiss to a motion for summary judgment under Rule 56.**

Defendants asserts that the Court should dismiss Plaintiff's state law claims under the federal enclave doctrine.  Initially, the parties do not address the procedural posture of the motion to dismiss as to the federal enclave doctrine.  The Court notes that Defendants cited to evidence in support of its motion to dismiss, and Plaintiff did not object.  Plaintiff attached

evidence to her response to the motion dismiss. Therefore, it appears that both parties ask the Court to consider evidence outside the complaint when ruling this motion to dismiss.

It is unclear under what theory the Court can consider this outside evidence when ruling on this motion to dismiss.  The parties have not argued that Rule 12(b)(1) applies. Therefore, the Court gives the parties notice that it intends to convert the federal enclave portion of Defendants' motion to dismiss to a motion for summary judgment pursuant to Rule 12(d).  *See* Fed. R. Civ. P. 12(d) (**"Result of Presenting Matters Outside the Pleadings.** If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."). Although it appears that the parties have had the opportunity to present the Court with evidence, the Court will give the parties an opportunity to present any additional material within **fourteen (14) days** of the entry of this order.  The Court will then rule on the motion to dismiss.

### CONCLUSION

The Court has jurisdiction over this case pursuant to the federal enclave doctrine, and therefore denies Plaintiff's motion to remand.  Moreover, the Court will convert the federal enclave portion of the motion to dismiss to a motion for summary judgment, and directs the parties to submit any additional material they wish the Court to consider.

**IT IS THEREFORE ORDERED** that the motion to remand **(Doc. 12)** is hereby **DENIED** for the reasons described in this Memorandum Opinion and Order; and

**IT IS FURTHER ORDERED** that the Court will convert the federal enclave portion of the motion to dismiss **(Doc. 6)** to a motion for summary judgment pursuant to Fed. R. Civ.P.

12(d).   The parties may file any additional material they wish the Court to consider within **fourteen (14) days** of the entry of this order.

KEA W. RIGGS
UNITED STATES DISTRICT JUDGE