IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEANIE BISCONTE,

    Plaintiff,

    v.                                             Case No. 1:21-cv-00462-KWR-KK

SANDIA NATIONAL LABORATORIES *et al.*,

    Defendants.

## MEMORANDUM OPINON AND ORDER

**THIS MATTER** comes before the Court upon Defendants' Motion to Dismiss **(Doc. 6)**. Because the parties submitted evidence with their briefing on the motion to dismiss, the Court converted the motion to dismiss to a motion for summary judgment and gave the parties notice. **Doc. 30; Fed. R. Civ. P. 12(d).** The Court now considers the briefing along with the parties' supplemental filings. Having considered the parties' filings and arguments, the Court finds that Defendants' motion is **WELL-TAKEN** and, therefore, is **GRANTED.** Plaintiff's claims are **DISMISSED** and a separate judgment closing this case will issue.

## BACKGROUND

Plaintiff asserts New Mexico employment law claims against her former employer Defendant Sandia National Laboratories, an entity that operates predominantly on a federal enclave (Kirtland Air Force Base). Plaintiff worked as a Software Systems Engineer. Plaintiff worked remotely and worked outside of the federal enclave. Defendants Mounho and Saucier were her managers.

Plaintiff alleges that she was discriminated against because of her gender, compensated less than her male colleagues, and denied advancement which her male colleagues received. She also asserts that she was discriminated or retaliated against for her disability and her protected activities. In July 2018 she was placed on medical leave for approximately 8 months through March 5, 2019, when her paid leave benefits were exhausted and she was removed from Sandia's payroll.

Plaintiff filed various employment discrimination and retaliation claims through the New Mexico Human Rights commission and the federal Equal Employment Opportunity Commission.

Plaintiff asserts three New Mexico state law claims:

Count I: Gender Discrimination and Retaliation under the New Mexico Human Rights Act;

Count II: Violation of the New Mexico Fair Pay for Women Act, NMSA § 28-23-1; and

Count III: Breach of Implied Employment Contract.

This case was filed in New Mexico state Court on March 15, 2021 and removed to this Court on May 17, 2021 on the basis of federal question jurisdiction under the federal enclave doctrine.

## DISCUSSION

Defendants moved to dismiss this case, asserting that the federal enclave doctrine applies to Plaintiff's claims, and that they should be dismissed. The Court agrees with Defendants and dismisses Plaintiff's claims.

**I.     The federal enclave doctrine applies to this case.**

"A federal enclave is created when a state cedes jurisdiction over land within its borders to the federal government and Congress accepts that cession. These enclaves include numerous military bases, federal facilities, and even some national forests and parks." *Allison v. Boeing Laser*

*Tech. Servs.*, 689 F.3d 1234, 1235 (10th Cir. 2012). "Under a body of constitutional law applicable to federal enclaves, U.S. Const. art. I, § 8, cl. 17, state law that is adopted after the creation of the enclave generally does not apply on the enclave." *Id.* Thus, when "the United States acquires with the consent of the state legislature land within the borders of that State ... the jurisdiction of the Federal Government becomes exclusive." *Allison*, 689 F.3d at 1236

Plaintiff does not dispute that Defendant Sandia National Labs is located on Kirtland Air Force Base, a federal enclave. *Allison v. Boeing Laser Tech. Servs.*, 689 F.3d 1234, 1235 (10th Cir. 2012) (Kirtland Air Force Base is a federal enclave established in 1954). The Court previously concluded that the federal enclave doctrine applies to Sandia National Labs, because it is predominantly located on Kirtland Air Force base. *See, e.g., Benavidez v. Sandia Nat'l Lab'ys*, 212 F. Supp. 3d 1039, 1094 (D.N.M. 2016); *Smelser v. Sandia Corp.*, No. CV 17-388 SCY/KK, 2018 WL 1627214, at *7 (D.N.M. Mar. 30, 2018); *Marquez v. Nat'l Tech. & Eng'g Sols. of Sandia, LLC*, No. CV 20-46 KG/SCY, 2020 WL 6484996, at *1 (D.N.M. Nov. 4, 2020) (federal enclave doctrine barred New Mexico implied employment contract claim).

Plaintiff asserts that because she was a teleworker who did not work on Kirtland Air Force Base, the place of harm was outside of the boundaries of Kirtland Air Force base. Defendants assert that the federal enclave doctrine applies because the "place of harm" was on the federal enclave, and alternatively, Plaintiff was harmed by policies and decisions that occurred on the Kirtland Air Force Base. The Court agrees that the federal enclave doctrine applies because (1) the place where the wrong occurred was on Kirtland Air Force Base, and alternatively, (2) the employer's decision making and policies occurred on Kirtland Air Force Base.

In deciding whether the federal enclave doctrine applies to claims, courts generally look to (1) the place the harm occurred, or (2) in wrongful termination or compensation employment cases,

3

the place where the adverse employment decisions were made. *Camargo v. Gino Morena Enterprises, L.L.C.,* No. EP-10-CV-242-KC, 2010 WL 3516186, at *2 (W.D. Tex. Sept. 2, 2010) ("for federal enclave jurisdiction to apply, in employment discrimination cases, the adverse employment decision must have been made on federal territory, because the locus of decision-making is where such a tort arises"); *Kennicott v. Sandia Corp.*, 314 F. Supp. 3d 1142, 1172 n.22 (D.N.M. 2018)(reasoning that federal enclave doctrine applies in cases of remote applicants or workers where tortious employment decision were made on federal enclave); *Meadows v. Northrop Grumman Innovation Sys., Inc.*, 436 F. Supp. 3d 879, 888 (W.D. Va. 2020) (for wrongful termination claim, place of harm is where company made termination decision, not the employee's home where employee received termination letter).; *Lawler v. Miratek Corp.*, No. EP-09-CV-252-KC, 2010 WL 743925, at *3 (W.D. Tex. Mar. 2, 2010) ("The cause of action follows the place where the decisions were made, not the place where the employee was or is found—even if it was work that sent the employee to that other location.").

These approaches appear to overlap. Courts have held that the federal enclave doctrine applies only when "the locus in which the claim arose is the federal enclave itself." *In re High-Tech Employee Antitrust Litigation*, 856 F. Supp. 2d 1103, 1125 (N.D. Cal. 2012). In making that determination, courts have looked to where the "substance and consummation of the claim occurred" as well as where "all pertinent events occurred." *Smesler v. Sandia Corp.*, No. 17-CV-388 SCY/KK, 2018 WL 1627214, at *8 (D.N.M. Mar. 30, 2018) (unreported) (internal citations and quotations omitted). For cases involving adverse employment decisions, "the locus of decision-making is where such a tort arises." *Camargo*, 2010 WL 3516186, at *2 (citing *Lawler v. Miratek, Corp.*, 2010 WL 743925, at *3–4), *quoted in Kennicott v. Sandia Corp.*, 314 F. Supp.

3d 1142, 1175 (D.N.M. 2018). "[T]he location where management made the illegal decision controls." *Id.*

Initially, Plaintiff notes that the New Mexico Human Rights Commission concluded that the federal enclave doctrine did not bar Plaintiff's state law claims. **Doc. 12 at 3, Ex. B.** Plaintiff has not explained how that order is binding on this Court, and its persuasive value is minimal because the order did not explain its reasoning.

The Court notes that most of the relevant facts are undisputed. Plaintiff's state employment law claims stem from her employment with Sandia, an entity which has its operations predominantly on Kirtland Air Force Base.

Plaintiff alleges the following harm. Defendants discriminated against her by failing to promote her, by alleging she had performance-related issues, and by terminating her due to her gender and disability status. She also alleged Defendants retaliated against her after she reported gender discrimination. She asserts that Sandia paid different wage rates to men and women. She asserts that Defendants breached its policies and procedures to protect employees from retaliation and maintain a workplace free of discrimination.

This Court has previously stated that Sandia has "the bulk of its office and employees on a federal enclave." *Kennicott v. Sandia Corp.*, 314 F. Supp. 3d 1142, 1172 n.22 (D.N.M. 2018). It is undisputed in this case that the managers, executives, human resources and compensation staff made their policies and employment decisions on the Kirtland Air Force base.

All of the relevant adverse employment decisions, actions, or policies, occurred or were formed on Kirtland Air Force Base. The Defendant established the following facts. The computer servers Plaintiff worked on were located on Kirtland Air Force Base. **Doc. 1-2, Ex. B.** Sandia's pay policies that allegedly violate state law were made by Sandia executives or staff on Kirtland

5

Air Force Base. **Doc. 1-2, Ex. D.** The compensation policies were administered by a department located on Kirtland Air Force Base. *Id.* The leadership team responsible for policy level compensation decisions met and made decision on Kirtland Air Force Base. *Id.* Plaintiff allegedly submitted her request to separate from Sandia employment through Sickness Absence Exhaustion to a medical clinic on the Kirtland Air Force base. *See* **doc. 20 at 2.** Plaintiff resigned or was terminated in a meeting on Kirtland Air Force Base with the Medical Director at Sandia's occupational health clinic on Kirtland Air Force Base. **Doc. 1-2, Ex. C.** Plaintiff does not dispute or contest these facts. Plaintiff has not rebutted this record or argued that any of Defendants' employment law decisions were made outside of the federal enclave. Therefore, the record is clear that the harms in this case occurred on Kirtland Air Force Base.

Plaintiff argues that because she teleworked from home or worked in an office off Kirtland Air Force Base, the place of harm was outside the federal enclave.

The Court disagrees, for the reasons explained above. Plaintiff does not cite to any case stating that the cause of action arises from a remote worker's home. Rather, cases hold that the federal enclave doctrine may apply even in cases of remote workers. *See, e.g., Kennicott v. Sandia Corp.,* 314 F. Supp. 3d 1142, 1172 n.22 (D.N.M. 2018) (reasoning that federal enclave doctrine apply in cases of remote applicants or workers where tortious employment decisions were made on federal enclave); *Meadows v. Northrop Grumman Innovation Sys., Inc.*, 436 F. Supp. 3d 879, 888 (W.D. Va. 2020) (for wrongful termination claim, place of harm is where company made termination decision, not the employee's home where employee received termination letter); *Lawler v. Miratek Corp.*, No. EP-09-CV-252-KC, 2010 WL 743925, at *3 (W.D. Tex. Mar. 2, 2010) (unlawful employment practice is committed at place where employer made the decision, not place where employee is located), *citing Ifill v. Potter,* No. 05–CV–2320, 2006 WL 3349549,

at *2 (D.D.C. Nov. 17, 2006); *Whipstock v. Raytheon Co.,* No. 2:07–CV–11137, 2007 WL 2318745, at *3 (E.D.Mich. Aug. 10, 2007) (locus of harm for unlawful employment action is place where the employer "made the decision", not the place where the "effects are felt."); *Osburn v. Morrison Knudsen Corp.*, 962 F. Supp. 1206, 1209 (E.D. Mo. 1997) ("Any cause of action arising under the MHRA [state law] occurred as a result of defendant's employment practices on the federal enclave,").

Plaintiff points to exhibits which she argues shows that she turned in her badge and signed her security clearance termination paperwork off the federal enclave.  *See* **Docs. 31-6 to 31-8, Ex. F, G, H.**   The Court finds that exhibits F and G do not indicate that she turned in her badge or completed an exit interview off of the federal enclave.  However, Exhibit H indicates on the second line that she signed a document terminating her security clearance at a facility off of the federal enclave.  Even so, this does not change the analysis above. These documents do not tend to show that the relevant decision making, offending policies, or locus of harm, occurred off the federal enclave.

Whether the Court applies the locus of harm analysis or the place of decision-making analysis, the Court concludes that the federal enclave doctrine applies.

II.     **Plaintiff's claims should be dismissed under the federal enclave doctrine.**

Because the federal enclave doctrine applies here, it operates to bar Plaintiff's claims, which are all state law claims which were created after Kirtland Air Force Base became a federal enclave.

When the federal enclave doctrine applies, it operates to bar state law claims which were not in effect at the time the land became a federal enclave. Under the federal enclave doctrine, "state law that is adopted after the creation of the enclave generally does not apply on the enclave."

*Allison v. Boeing Laser Tech. Servs.*, 689 F.3d 1234, 1235 (10th Cir. 2012). Only state law existing at the time of the creation of the federal enclave "remains enforceable." *Id.* at 1237 (citation omitted). In this case, Kirtland Air Force Base was established as a federal enclave in 1954. *Id.* at 1235 (stating that "Kirtland Air Force Base, a federal enclave" was established in 1954). "Since that time the federal government has exercised exclusive jurisdiction within the boundaries of the [b]ase." *Id.* Because Plaintiff's lawsuit arises from conduct occurring during the course of her Sandia employment on Kirtland Air Force Base, it appears that the federal enclave doctrine bars any of Plaintiff's state claims that are based on New Mexico statutory or common law causes of action established after 1954. *See Benavidez*, 212 F. Supp. 3d at 1091-97 (dismissed plaintiff's NMHRA and state tort law claims against Sandia pursuant to the federal enclave doctrine); *Cf. Allison*, 689 F.3d at 1235-36 (holding that the federal enclave doctrine barred plaintiff's state employment and tort law claims against Boeing, a federal contractor located on Kirtland Air Force Base, for conduct that occurred on the base).

Plaintiff does not dispute that the relevant state law was created after Kirtland Air Force Base became a federal enclave. The New Mexico Legislature adopted the NMHRA and the NMFPWA after the Kirtland Air Force Base became a federal enclave. *See, e.g., Benavidez v. Sandia Nat'l Lab'ys*, 212 F. Supp. 3d 1039, 1097 (D.N.M. 2016) ("NMHRA, which the New Mexico Legislature enacted in 1969, however, did not exist in 1954"); *Kennicott v. Sandia Corp.*, 314 F. Supp. 3d 1142, 1173 (D.N.M. 2018) (" the New Mexico Legislature enacted the NMFPWA in 2013"). Moreover, "New Mexico did not recognize an implied contract for employment arising from an employment manual until 1980." *Allison v. Boeing Laser Tech. Servs.*, 689 F.3d 1234, 1243 (10th Cir. 2012).

8

Therefore, the Court concludes that Plaintiff's claims must be dismissed under the federal enclave doctrine.

### III. Dismissal is with prejudice.

Defendant suggested that the claims should be dismissed with prejudice, which implies dismissal with prejudice for failure to state a claim under Fed. R. Civ. P. 12(b)(6). **Doc. 6 at 5.** Because both parties cited to evidence in their briefing, the Court converted the motion to dismiss to summary judgment in an abundance of caution, gave the parties notice, and allowed them to submit additional evidence for the record. **Doc. 30.**

Generally, courts within this district have treated a motion to dismiss under the federal enclave doctrine as one under Fed. R. Civ. P. 12(b)(6) and dismissed claims with prejudice. *See, e.g., Smelser v. Sandia Corp.*, No. CV 17-388 SCY/KK, 2018 WL 1627214, at *9 (D.N.M. Mar. 30, 2018); *see also Allison v. Boeing Laser Tech. Servs.*, No. CV 09-275 RHS/LFG, 2010 WL 11590920, at *5 (D.N.M. Aug. 2, 2010) (dismissing with prejudice claims pursuant to federal enclave doctrine), *aff'd, Allison v. Boeing Laser Tech. Servs.*, 689 F.3d 1234 (10th Cir. 2012). The Court has subject matter jurisdiction over these claims, as explained in a prior order. **Doc. 30.** Therefore, the Court will dismiss the state law claims with prejudice.

## CONCLUSION

The federal enclave doctrine applies in this case and it operates to bar Plaintiff's claims in this case, which are all state law causes of action created after Kirtland Air Force Base became a federal enclave.

**IT IS THEREFORE ORDERED** that the motion to dismiss **(Doc. 6)** is hereby **GRANTED** for the reasons described in this Memorandum Opinion and Order.

A separate judgment will issue.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**